UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARCIA A. TAYLOR,

    Plaintiff,

v().                                    Case No.:  2:24-cv-315-SPC-NPM

CITY OF CAPE CORAL,

    Defendant.
                                    /

## OPINION AND ORDER

Before the Court is Defendant City of Cape Coral's Motion to Dismiss (Doc. 9), as well as Plaintiff Taylor's "Reply" to that motion (Doc. 12). For the following reasons, the Court grants Defendant's motion and dismisses Taylor's complaint without prejudice.

Taylor filed a pro se complaint for employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA). She filed this complaint using the Pro Se 7 form, and she included a "Complaint Attachment" which contains limited facts.

Taylor was hired by the City of Cape Coral's Finance Department at 3% over the base pay rate, and shortly afterwards a male employee was hired by the same department for 27% over the base pay rate. (Doc. 1-1 at 1). This male

employee "holds less education" than Taylor. (Doc. 1-1 at 1). She brought this pay disparity to the Financial Services Director's attention and received a raise, with another raise promised after completion of her probationary period. (Doc. 1-1 at 1).

Taylor took on work tasks that were not in her position description and she contacted Human Resources about it. (Doc. 1-1 at 2). A few days later, she called out sick to work. (Doc. 1-1 at 2). While she was out, a coworker came to her home and knocked on her door. Taylor "became fearful" and called the police. (Doc. 1-1 at 2). Later that day, Taylor was terminated via email by the Cape Coral Financial Services Director during her probationary employment period.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive dismissal, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Bare "labels and conclusions, and a formulaic recitation of the

elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotations omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

Courts must liberally construe pro se filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal reading may require a court to "look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Miami-Dade Cnty., Fla.,* 734 F. App'x 688, 691 (11th Cir. 2018). But courts cannot act as counsel for plaintiffs or rewrite pleadings.

3

*United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021). And it is "not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1360 (S.D. Fla. 2016) (quoting *Sanders v. United States*, No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *3 (N.D. Ga. Jan. 23, 2009)).

## DISCUSSION

As explained below, Taylor's complaint is a shotgun pleading that fails to adequately state claims in violation of Federal Rules of Civil Procedure 8 and 10.

Shotgun pleadings violate Federal Rule of Civil Procedure 8 because they "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Jackson v. Bank of Am.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (detailing the "unacceptable consequences of shotgun pleading"); *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings . . . exact an intolerable toll on the trial court's docket").

A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including dismissing a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. When a pro se plaintiff files a shotgun pleading, the court "should strike the [pleading] and instruct

4

[plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001) (quoting *Cramer*, 117 F.3d at 1263).

Taylor's complaint falls into several shotgun pleading categories. First, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. Taylor spends nearly half of her "Complaint Attachment" explaining how a coworker came to her house on February 7, 2023. She says she was scared and called the police. (Doc. 1-1 at 2). She also attaches the resulting police report. (Doc. 1-1 at 11-13). The Court does not see how this incident relates to causes of action under Title VII, the ADA, or the FCRA, and Taylor does not explain.

Second, Taylor's complaint commits the "the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Taylor selected causes of action on the Pro Se 7 form but does not provide supporting facts in numbered paragraphs separated by count. This is not a pedantic, trivial matter because—as discussed below— the complaint's lack of clarity interferes with Defendant's ability to understand and respond to Taylor's claims.

Third, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate

5

notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Here, Taylor does not even rely on the bare "formulaic recitation of the elements of a cause of action" that the Court warned against in *Twombly*. 550 U.S. at 555. Instead, she named causes of action completely disconnected from any elements or supporting facts.

From her complaint, we know that Taylor alleges Title VII, ADA, and FCRA claims. We also know that her claims are related to "termination of my employment," "failure to accommodate my disability," "unequal terms and conditions of my employment," and "retaliation." And finally, we know that she was discriminated against based on her "gender/sex" and "disability or perceived disability: 'hypertention [sic]/called out sick.'" (Doc. 1 at 4).

That is the full extent of what the Court—and Defendant—know about her causes of action. From the facts provided, it is unclear why she thinks she was terminated—her Title VII protected class or her disability. It is unclear whether she attributes the "unequal terms and conditions of [her] employment" to her Title VII protected class or her disability. It is unclear how and why she was retaliated against. It is unclear whether she had a qualifying disability under the ADA. And it is unclear whether she ever requested an ADA accommodation from her employer or simply requested a generic "sick day." This is just a sampling of the many ways in which her

6

complaint fails to "give the defendant[] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Taylor thinks completing the Pro Se 7 form immunizes her from compliance with the Federal Rules of Civil Procedure. Taylor repeatedly states in her "Reply" to Defendant's Motion to Dismiss that she has "stated her claim according to this Court's Pro Se form." (Doc. 12 at 3-4). But pro se plaintiffs are not immune from compliance with the Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). And Taylor has not complied with Federal Rules of Civil Procedure 8 or 10, but instead filed a shotgun pleading.[1]

Because Taylor is pro se, the Court will give her leave to amend her complaint. "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" *Jackson v. Bank of Am.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal citation omitted).

---

[1] It should also be noted that the Pro Se 7 form directs plaintiffs to do the following, which accords with Federal Rules of Civil Procedure 8 and 10: "Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed."

Accordingly, it is now

**ORDERED:**

1. Defendant City of Cape Coral's Motion to Dismiss (Doc. 9) is **GRANTED**.

2. Plaintiff Taylor's Complaint (Doc. 1) is **DISMISSED without prejudice**.

3. Plaintiff may file an amended complaint on or before August 23, 2024. **Failure to file an amended complaint will result in the Court closing this case without further order/notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 9, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record